2019 IL App (2d) 190154-U
No. 2-19-0154
Order filed November 15, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| WINFORD BRYANT, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-CH-837 |
| | ) | |
| ERIN CARTWRIGHT WEINSTEIN, | ) | |
| in her Capacity as Circuit Clerk of | ) | |
| Lake County, | ) | Honorable |
| | ) | Luis A. Berrones, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Burke and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly dismissed plaintiff's complaint under section 16(6) of the Clerks of Court Act, as defendant had no obligation under that statute to provide copies of records and plaintiff did not specify how defendant otherwise denied access to those records.

¶ 2   Plaintiff, Winford Bryant, appeals from the judgment of the circuit court of Lake County dismissing his complaint. Because the complaint failed to state a claim upon which relief may be granted, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4        Plaintiff filed a *pro se* complaint against defendant, Erin Cartwright Weinstein, in her capacity as the clerk of the circuit court. The complaint alleged that, on or about April 29, 2018, plaintiff submitted to defendant a written request for public records. Attached to the complaint was an April 29, 2018, letter from plaintiff to defendant, requesting to inspect a court file for a police inventory sheet and photographs related to the search of a particular automobile. The letter further stated that, on November 17, 2006, those items had been presented in court.

¶ 5        The complaint further alleged that defendant failed to provide plaintiff with the requested records and had "improperly withheld access to the public records which plaintiff properly requested" under section 16(6) of the Clerks of Court Act (Act) (705 ILCS 105/16(6) (West 2018)). The complaint sought that defendant be enjoined from withholding the requested records, ordered to release the records within a specified time, and required to pay plaintiff a civil penalty.

¶ 6        Defendant, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), moved to dismiss the complaint. In the motion, defendant asserted that section 16(6) of the Act does not provide a legal basis for plaintiff's claim.

¶ 7        The trial court granted defendant's motion with prejudice. Plaintiff, in turn, filed a timely notice of appeal.

¶ 8                                         II. ANALYSIS

¶ 9        On appeal, plaintiff contends, *pro se*, that his complaint was improperly dismissed, because under section 16(6) any person, including himself, can review a court file. Defendant responds that (1) the Act does not provide a private right of action, (2) plaintiff did not state a claim, because

the Act does not require defendant to search for, or provide a copy of, any public record, and (3) plaintiff failed to properly allege a claim for injunctive relief.[1]

¶ 10    A section 2-615 motion to dismiss tests the legal sufficiency of a complaint based on defects apparent on its face. *Slay v. Allstate Corp.*, 2018 IL App (1st) 180133, ¶ 29.  A section 2-615 motion presents the question of whether the facts alleged, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Slay*, 2018 IL App (1st) 180133, ¶ 29.  A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover.  *Slay*, 2018 IL App (1st) 180133, ¶ 29.  Although a plaintiff is not required to set forth evidence in his complaint, he must allege sufficient facts to bring a claim within a legally recognized cause of action.  *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429-30 (2006).  We review *de novo* an order granting a section 2-615 motion to dismiss. *Poo-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009).

¶ 11    Here, plaintiff relies on section 16(6) of the Act as the legal basis for his complaint.  Section 16(6) provides, in pertinent part, that all records required to be kept by the clerk of the circuit court "shall be deemed public records, and shall at all times be open for inspection *** and examination."  705 ILCS 105/16(6) (West 2018).  Section 16(6) has been interpreted to allow any person to review a court file after the case has been concluded.  *People v. Grochocki*, 343 Ill. App. 3d 664, 669 (2003).

---

[1] In his reply brief, plaintiff asserts that defendant has defaulted, because she failed to timely file her response brief.  However, this court, on its own motion, extended the due date for defendant's brief to September 16, 2019, and defendant filed her brief on that date.

¶ 12    In light of the plain language of section 16(6), plaintiff's complaint failed to state a claim. Plaintiff's allegation that defendant failed to provide him the requested records is insufficient, as section 16(6) does not require defendant to provide any records. Rather, it merely requires defendant to allow public access to the records.

¶ 13    Plaintiff's complaint further alleged that defendant "improperly withheld access" to the public records he requested. However, to the extent that plaintiff was attempting to allege that defendant "withheld access" other than by refusing to provide copies--which as noted she did not have to do--the complaint did not specify how she did so. Thus, we disregard this factual conclusion. See *Salce v. Saracco*, 409 Ill. App. 3d 977, 981 (2011).

¶ 14    Because the complaint failed to allege a cognizable claim under section 16(6) of the Act, the trial court properly dismissed the complaint.[2]

¶ 15                                    III. CONCLUSION

¶ 16    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 17    Affirmed.

---

[2] Because we dispose of the case on that basis, we need not decide whether section 16(6) gives rise to a private cause of action.